IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TOMMY HAMBERLIN                                                                                      PLAINTIFF

VS.                                                                       CIVIL ACTION NO.3:09cv585-FKB

WARDEN EARNEST LEE and
MARGARET BINGHAM                                                                                 DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate incarcerated at Central Mississippi Correctional Facility (CMCF), brought this action pursuant to § 1983 alleging that he has been denied adequate medical treatment for eye problems and hypertension.  A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.  Presently before the court is Defendants' motion for summary judgment.  Having considered the motion, the evidence of record, Defendants' memorandum in support of the motion, and Plaintiff's response, the court concludes that the motion for summary judgment should be granted.

In support of their motion, Defendants have submitted Plaintiff's prison medical records.  These records indicate that in November of 2008 Hamberlin was referred to the McBryde Eye Clinic (McBryde) for evaluation of diabetic changes to his eyes.  Since then, he has been seen by ophthalmologists at McBryde on a regular basis.  His most recent diagnosis is total retinal detachment of the right eye (not a candidate for repair) and chronic open angle glaucoma of the left eye.  His glaucoma is being treated with several

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

types of eye drops.  Plaintiff's medical records also document a history of hypertension which has been difficult to control.  At the time of the filing of Defendants' motion, he was receiving six medications for his hypertension.  Treatment of his hypertension includes regular evaluation in the prison's chronic care clinic.

Defendants also point out in their motion that there is no evidence that either Defendant has been involved in Plaintiff's medical care.  Defendant Earnest Lee is the warden of CMCF, and Defendant Margaret Bingham is the superintendent of the facility.  Neither is directly involved in patient healthcare.

Where the wrong alleged is a denial of medical care, a prisoner must establish deliberate indifference to serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  Proof of deliberate indifference requires the prisoner to show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).  Plaintiff has wholly failed to come forward with any evidence that Defendants were deliberately indifferent to his medical needs.   Rather, the evidence shows that he has received regular treatment for his medical problems.  Furthermore, Defendants have had no personal involvement in his medical treatment.  Accordingly, the court concludes that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law.

For these reasons, Defendants' motion for summary judgment is hereby granted. A separate judgment will be entered.

SO ORDERED this the 25th day of March, 2011.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE